■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TOM TERRIZZI, on Behalf of RICHARD LONG, Appellant, v ROBERT HENDERSON, as Superintendent of Auburn Correctional Facility, Respondent. — Judgment unanimously affirmed. Memorandum: Special Term properly dismissed relator's writ of habeas corpus claiming that notification to him of the Parole Board's determination adopting the report of the hearing officer made after relator's final parole revocation hearing was defective because it was sent only to his attorney and because it

did not adequately apprise him of the finality of the determination (see Executive Law, § 259-i, subd 3, par [f], cl [x]; 9 NYCRR 8005.20 [d]). It is uncontested that the board in fact made a timely formal revocation determination. It is also uncontested that the relator's attorney timely received and forwarded to relator a letter from a senior parole officer stating, "Enclosed is a copy of the final parole revocation decision notice," and a four-page copy of the hearing officer's report, headed "Parole Revocation Decision Notice," finding that relator had violated the conditions of his parole and recommending revocation of parole. An associate counsel to the Division of Parole submitted an affidavit stating that where, as here, the board adopts a hearing officer's finding and recommendation, it is its practice to make no further indication but simply to forward said findings and recommendation as the final determination. The record also contains a letter to relator from the Division of Parole Appeals Unit — dated two weeks subsequent to the attorney's receipt of the letter and enclosure — acknowledging the filing of relator's notice of appeal. The attorney who represented relator at the time of the notification did not testify and relator, although he denied filing the notice of appeal, did not deny receiving the letter acknowledging his appeal. Notice to the attorney alone is sufficient compliance with section 259-i (subd 3, par [f], cl [xi]) of the Executive Law and with 9 NYCRR 8005.20 (f) (see *People ex rel. Knowles v Smith,* 54 NY2d 259, 266-268). Under the circumstances here, we find that the relator was adequately informed of the final determination of the board. In addition to the hearing officer's report, entitled "Parole Revocation Decision Notice," and the cover letter characterizing it as a *"final* parole revocation decision notice"* (emphasis added), relator, who continued to be incarcerated, received a letter which acknowledged his notice of appeal and which would have left no doubt that respondent had officially determined to adopt the hearing officer's recommendation and revoke his parole. We note also that, as the court observed in *People ex rel. Knowles v Smith (supra,* p 267), "as-of-course availability of copies of statements and of decisions at the request of parolees or to their counsel is unquestioned." (Appeal from judgment of Supreme Court, Cayuga County, Corning, J. — habeas corpus.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.