In the Matter of JOSE COTTO, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Intemann, Jr., J.), entered August 10, 1988 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, commenced this proceeding* seeking immediate release to parole status upon the claim that a final decision to revoke his parole was not made available to him as required by Executive Law § 259-i (3) (f) (xi) and 9 NYCRR 8005.20 (f). Respondent moved to dismiss the proceeding. Supreme Court granted the motion and dismissed the petition without a hearing. Petitioner appeals.

---

* The proceeding, originally styled a petition for a writ of habeas corpus, was correctly converted to a CPLR article 78 proceeding by Supreme Court.

We affirm. The uncontroverted facts are that a final parole revocation hearing, at which petitioner was represented by counsel, was held on November 5, 1987. An Administrative Law Judge found that a number of the alleged parole violations had been established and recommended that parole release be revoked and that petitioner be held to his maximum expiration date. On December 1, 1987, a Commissioner of the Board of Parole affirmed the violation but reduced the holding period to a maximum of 24 months. Petitioner's attorney received written notice of the Commissioner's decision on December 21, 1987 and forwarded a copy to petitioner at Rikers Island Correctional Facility in Queens County on January 19, 1988. Although petitioner had been transferred to Great Meadow Correctional Facility in Washington County by that time, he was advised by notice issued February 8, 1988 of the fact that "[i]n view of [his] 'hold of 24 months' " he would be "meeting the 8/89 Board as a Parole Violator Re-appearance case". Records of the Board of Parole disclosed no inquiry by petitioner as to the Commissioner's decision, the evidence relied upon or the reasons for revoking his parole.

The Court of Appeals has held that service upon the attorney who represented petitioner at the parole revocation hearing satisfies the notice requirements of Executive Law § 259-i (3) (f) (xi) and 9 NYCRR 8005.20 (f) *(see, People ex rel. Knowles v Smith,* 54 NY2d 259, 266-268), particularly where, as here, petitioner "had timely notice of the outcome of the revocation hearing so that his ability to request the detailed report and prepare an application for relief was not unduly curtailed" *(People ex rel. Knowles v Smith, supra,* at 268; *see, People ex rel. Terrizzi v Henderson,* 86 AD2d 963, 964).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

